# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

**TONNIE MALONE WARD,**

    **Plaintiff,**

**v.**                                            **DOCKET NO: 2:21-cv-2417-JTF-cgc**

**CITY OF MEMPHIS, Solid Waste Division,**

    **Defendant.**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant City of Memphis (the "City"), by and through undersigned counsel, submits this its *Memorandum in Support of its Motion to Dismiss*. Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and for failure to demonstrate that she has exhausted her administrative remedies prior to filing this action.[1]

## BACKGROUND

Plaintiff filed a Pro Se Complaint in this Court on June 17, 2021, alleging claims under Title VII of the Civil Rights Act of 1964 against Defendant, using the Court-provided form. (ECF No. 1 at ¶ 1, PageID 1). Plaintiff asserts that she filed a charge with the Tennessee Human Rights Commission (THRC) on or about June 16, 2021 and lists that she filed a charge (or charges) with the Equal Employment Opportunity Commission (EEOC) on or about June 3, 2021 and January

---

[1] Counsel for the City is making a limited appearance for the sole purpose of asserting these defenses. The City avers that it has not been properly served in this action and, thus, the Court may not have jurisdiction over this action. The City expressly reserves all other defenses available to it, should Plaintiff effectuate effective service.

6, 2020. (ECF No. 1 at ¶¶ 11, 12, PageID 5). Plaintiff indicates in her Complaint that less than 60 days have elapsed since she filed her EEOC Charge and that the EEOC "<u>has not</u> issued a Right to Sue Letter." (*Id.* at ¶¶ 13, 14, PageID 5). Plaintiff did not attach a right-to-sue letter to her Complaint.

On June 17, 2021, the Court issued a Summons, which was handed to Plaintiff. (ECF No. 7). On June 24, 2021, Plaintiff filed a Summons Returned Executed, indicating that she sent a copy of the Complaint by U.S. Mail to the Solid Waste Division at Room 628, 6th Floor, 125 North Main Memphis, Tennessee 38103, which was signed for by "T Taylor" on June 22, 2021. (ECF No. 9).

## ANALYSIS

1. ***Plaintiff's Complaint Should be Dismissed for Insufficient Service of Process.***

Federal Rule of Civil Procedure 12(b)(5) provides that insufficient service of process is a basis for dismissal. Rule 4 of the Federal Rules of Civil Procedure governs the service of a summons and complaint, and Federal Rule of Civil Procedure 4(j)(2) governs serving a local government. *See* Fed. R. Civ. P. 4(c)(2) ("[A]ny person who is at least 18 years old and *not a party* may serve a summons and complaint."). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001). A defendant must be properly served as a "condition precedent" to a court's exercise of jurisdiction. *Long v. Medtronic Parkway*, 2015 WL 5797623, at *1-2 (W.D. Tenn. Sept. 10, 2015) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)), *report and recommendation adopted*, 2015 WL 5797740 (W.D. Tenn. Oct. 2, 2015).

Plaintiff's claim should be dismissed for ineffective service of process. In *Long*, the Plaintiff attempted service just as Plaintiff has here by "mailing the summons and complaint" with U.S. Postal Service tracking. 2015 WL 5797623, at *1. Like the plaintiff in *Long*, Ms. Ward cannot effectuate service of process on the City herself by mailing it to the City division U.S. Postal Service because she is a party to this lawsuit.[2] *Pro se* litigants are not excused from compliance with the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 133 (1980). Plaintiff has failed to effect service on the City, and this Complaint should be dismissed.

2. ***Plaintiff's Complaint Should be Dismissed for Failure to Exhaust her Administrative Remedies because Plaintiff failed to attach a Right to Sue Letter to her Complaint.***

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). To state a valid claim, the Complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Prior to filing a complaint under Title VII, "a plaintiff must receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) and then file suit within ninety days **after** receiving the right-to-sue letter." *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004) (quoting 42 U.S.C. §§ 2000e-5(e) and (f)) (emphasis added). Plaintiff's failure to exhaust her administrative remedies prior to filing suit is an appropriate basis for this Court to dismiss Plaintiff's claims under Rule 12(b)(6), as the exhaustion of remedies is a "condition precedent to a Title VII . . . action." *Id.* (citing *Zipes v. TWA*, 455 U.S. 385, 392-08 (1982)). Plaintiff did not

---

[2] Moreover, U.S. Mail is not a proper method of service under Rule 4(j)(2).

attach a right-to-sue letter to her Complaint, as she did not receive one from the EEOC prior to filing this lawsuit.

## CONCLUSION

Plaintiff's Complaint is subject to dismissal under Rules 12(b)(5) and 12(b)(6) because Plaintiff has failed to properly serve the City, and, additionally, it is plain from the face of her Complaint that she has failed to exhaust her administrative remedies by failing to obtain a right-to-sue letter from the EEOC, a condition precedent to asserting a Title VII claim here. Consequently, the Court should dismiss Plaintiff's Complaint without prejudice.

Respectfully submitted,

s/Tannera George Gibson
Tannera George Gibson (TN #27779)
Sarah E. Stuart (TN #35329)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
T:  (901) 524-5000
Email: tgibson@bpjlaw.com
          sstuart@bpjlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent this 17th day of September, 2021 via the Court's electronic filing system to Plaintiff Tonnie Malone Ward, who is a registered CM/ECF user.

s/Tannera George Gibson